# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL J. COTRONE,
      Plaintiff,

v.                        Case No. 05C0005

MARQUETTE UNIVERSITY,
      Defendant.

## DECISION AND ORDER

Plaintiff Daniel J. Cotrone, formerly director of the counseling center at defendant Marquette University, alleges that defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, by constructively discharging and/or demoting him because of his age and by subjecting him to a hostile work environment. Defendant now moves for summary judgment.

### I. FACTS

In 2003, plaintiff was sixty years old and had directed the counseling center for ten years. He supervised about twenty employees. In that year, three members of the counseling center's staff, Dr. Michael Zebrowski, Pamela Elgin and Christopher Daood, separately filed complaints with the university ombuds, Rita Burns, about plaintiff's management style. Each complaint alleged that plaintiff was divisive, that he micromanaged and that his management style created a feeling of paranoia among the employees. Burns met with plaintiff's supervisor, Dr. Linda Lee, to discuss the complaints. The mission of the ombuds is to "provide a confidential . . . resource to facilitate resolutions to workplace concerns." (Burns Aff. Ex. C.) Consistent with that mission, Burns did not

disclose the identity of the complainants. Lee discussed the complaints with plaintiff, and subsequently Burns provided plaintiff with additional information based on the complaints, including examples of the conduct complained of. Plaintiff repeatedly asked for the names of the complainants, but pursuant to the ombuds rules, Burns declined to provide them. Plaintiff expressed the view that the confidentiality of the ombuds process undermined his supervisory authority.

Subsequently, plaintiff complained to Burns about the performance of Zebrowski, Elgin and Daood. He also told Burns that he believed that the basis of the complaints about him was age discrimination and that Zebrowski was interested in acquiring his job. At this point, Burns, Lee and Father Andy Thon, a Marquette vice-president, considered implementing a reverse performance evaluation of plaintiff or hiring a consultant to observe the operation of the office. Plaintiff resisted both of these options and continued to express a desire to directly address the complaining employees. However, Burns continued to decline to disclose the complainants' identities to plaintiff.

Soon after these events, plaintiff went on a medical leave for cardiac arrhythmia aggravated by stress that he initially anticipated would last several weeks. During the leave, plaintiff continued to be symptomatic and to experience stress, and he extended the leave indefinitely. Subsequently, plaintiff informed defendant that he could no longer work. Plaintiff was on disability leave from September 2003 until May 2005, when his leave expired. At that point, defendant proposed that plaintiff retire, and when plaintiff declined, defendant terminated him.

Subsequently, after initiating a national search for plaintiff's successor, defendant hired Zebrowski to succeed plaintiff.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there is a genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id. In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. DISCUSSION

The ADEA bars employers from discriminating against employees who are forty or older. §§ 621(b) & 631(a). Plaintiff seeks to prove discrimination through the indirect, burden-shifting approach under which he must first establish a prima facie case. To do so, plaintiff must show that he was: (1) a member of the protected class (age forty or over); (2) performing his job satisfactorily; (3) discharged, demoted or subject to another adverse employment action; (4) under circumstances giving rise to an inference of age discrimination. Cengr v. Fusibond Piping Sys. Inc., 135 F.3d 445, 451 (7th Cir. 1998). If plaintiff establishes a prima facie case, defendant must articulate a legitimate nondiscriminatory reason for the adverse employment action. If defendant articulates such

3

a reason, plaintiff must show that the proffered reason is a pretext for age discrimination. Collier v. Budd Co., 66 F.3d 886, 889 (7th Cir. 1995); Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1122 (7th Cir. 1994). However, I do not address pretext unless plaintiff first establishes a prima facie case. Coco v. Elmwood Care, Inc., 128 F.3d 1177, 1179 (7th Cir. 1997).

In the present case, plaintiff establishes the first and second elements of the prima facie case because he was over forty and performing satisfactorily. See Hoffman v. Primedia Special Interest Publishing, 217 F. 3d 522, 524 (7th Cir. 2000). However, he fails to present evidence with which a reasonable jury could find that he was subjected to an adverse employment action. To establish an adverse employment action, plaintiff must show that defendant materially altered the terms and conditions of his employment, such as by constructively discharging him or by demoting him. Crady v. Liberty Nat'l Trust Co. of Ind., 993 F.2d 132, 136 (7th Cir. 1993). In the present case, plaintiff's claim of adverse employment action focuses on the events of 2003. Plaintiff seeks to establish that defendant's handling of complaints about his management style amounted to either constructive discharge or demotion or both.[1]

To establish that defendant constructively discharged him, plaintiff must show that defendant made his working conditions so intolerable that it forced him to resign, Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 314 (7th Cir. 1986), or that defendant caused him to reasonably believe that if he did not quit he would be fired. EEOC v. Univ. of Chi.

---

[1] In his summary judgment briefs, plaintiff does not argue that defendant's 2005 decision to terminate him constituted age discrimination, but rather calls defendant's actions prior to plaintiff's medical leave constructive discharge. Plaintiff thus waives any argument that his ultimate termination, based on his indefinite leave, was discriminatory. Davis v. Carter, 452 F.3d 686, 697 (7th Cir. 2006) (stating that failure to develop an argument constitutes waiver); Weinstein v. Schwartz, 422 F.3d 476, 477 (7th Cir. 2005) (same).

Hosps., 276 F.3d 326, 332 (7th Cir. 2002).  A plaintiff seeking to show that his employer created intolerable working conditions has a difficult task.  He must show a work environment "even more egregious than the high standard for hostile work environment." Id. (quoting Tutman v. WBBM-TV, Inc., 209 F.3d 1044, 1050 (7th Cir. 2002)).  Plaintiff can establish that defendant demoted him by showing that defendant decreased his pay, gave him a less-distinguished title or deprived him of benefits, responsibilities or other important indicia of his position.  Crady, 933 F.2d at 136.

Plaintiff fails to present evidence from which a reasonable jury could conclude that defendant constructively discharged him.  Plaintiff falls short of demonstrating that defendant subjected him to objectively unbearable working conditions as judged by a reasonable employee.  Univ. of Chi. Hosps., 276 F.3d at 331-32.  He argues that defendant's failure to respond to his concerns that the employee complaints constituted an effort to dislodge him based on age, its refusal to disclose the complainants' identities to him and its efforts to find a solution to whatever problem existed constituted tacit participation in an age discrimination scheme and created an intolerable situation for him. However, plaintiff shows only that three employees used the well-established university ombuds process to criticize him.  Further, by keeping the process confidential, defendant did no more than follow the ombuds process's rules.  As to plaintiff's contention that defendant's response to the situation constituted tacit participation in a scheme to dislodge him because of his age, plaintiff presents no evidence that such a scheme existed or that if it did, his superiors participated in it.  The fact that defendant discussed with plaintiff several options for addressing any problems that might have existed falls far short of creating intolerable working conditions.  Moreover, defendant respected plaintiff's

objections to the options it gave him and therefore made no attempt to implement them or discipline him in any way.

Plaintiff also fails to present evidence from which a reasonable jury could infer that defendant demoted him.  He argues that the manner in which defendant handled the complaints and particularly its refusal to disclose the complainants' names to him effectively removed much of his supervisory authority and amounted to a demotion. However, plaintiff fails to establish that defendant altered his responsibilities in any way much less <u>significantly</u> diminished his <u>material</u> responsibilities.  See <u>Crady</u>, 933 F.2d at 136.  Plaintiff's salary, benefits and title remained the same, and he remained in charge of the counseling center with full authority to supervise his employees, including the complainants.  He could communicate with complainants about any subject other than the ombuds complaints.  And, as discussed, based on the ombuds rules, he had no right to communicate with employees who used the ombuds process in the first place.

Thus, for the reasons stated, plaintiff does not establish that defendant subjected him to an adverse employment action and therefore fails to make out a prima facie case of age discrimination.

Plaintiff's hostile work environment claim also fails.  Assuming that plaintiff may assert a hostile work environment claim under the ADEA, <u>see</u> <u>Racicot v. Wal-Mart Stores, Inc.</u>, 414 F.3d 675, 678 (7th Cir. 2005) (declining to decide whether an ADEA plaintiff may bring a hostile work environment claim), plaintiff presents insufficient evidence to enable a reasonable jury to conclude that defendant permitted the existence of a hostile work environment.  In order to establish such a claim, plaintiff must demonstrate the existence of conduct sufficiently severe or pervasive that a reasonable person would find it hostile or abusive.  <u>Harris v. Forklift Sys. Inc.</u>, 510 U.S. 17, 21 (1993).  Plaintiff bases his hostile

work environment claim on the same evidence that he presents in connection with his age discrimination claim, and the evidence falls short for much the same reasons. Plaintiff presents no evidence that any of his superiors committed any act that could reasonably be regarded as adverse to him, much less engaged in conduct that a reasonable person would find severe or abusive. Again, plaintiff shows only that three employees complained about his management style and that his superiors, following university rules, attempted to find a solution to any problem that might have existed. Plaintiff also fails to establish that the employee complaints created a harassing environment that defendant wrongfully failed to remedy. See Hall v. Bodine Elec. Co., 276 F.3d 345, 356 (7th Cir. 2002) (discussing how an employer can be found liable for a harassing environment created by low-level employees).

## IV. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 8 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge

7
Case 2:05-cv-00005-LA   Filed 06/08/07   Page 7 of 7   Document 52